INZER, Justice:
This is an appeal by Mrs. Johnnie Belle Carraway Mattox from a decree of the Chancery Court of the First Judicial District of Hinds County dismissing the petition of appellant to admit to probate a purported last will and testament of Mrs. Olivette Carraway McGough. The petition was dismissed because the chancellor found that at the time the alleged will was executed the testatrix was mentally incompetent.
Mrs. McGough departed this life on September 26, 1967. On October 2, 1967, her husband filed a petition seeking to have probated in common form a will executed by Mrs. McGough on June 2, 1966, wherein she devised all her property to him and named him as executor without bond. On the same day a decree was entered admitting this will to probate in common form. Thereupon, Mr. McGough qualified as executor and letters of executorship were issued to him. On January 15, 1968, appellant filed a petition to revoke and set aside the decree admitting the will of June 2, 1966, to probate as the last will and testament of Mrs. McGough. This petition alleged that on March 21, 1967, Mrs. Mc-Gough had executed another will wherein she specifically revoked the will admitted to probate and by the terms of this will appellant was named executrix. The petition also alleged that this writing was the true last will of the decedent and at the time it was executed the testatrix was over the age of twenty-one years, of sound and disposing mind, and was not under restraint or undue influence of any person or persons and was in all things competent to make and publish her last will and testament. The petition asked that an issue devisavit vel non be made up and that a trial be had before a jury to determine whether the *675 writing admitted to probate in common form was the last will of the decedent. It was also asked that the court appoint a temporary administrator to serve until the contest was concluded. Under the provisions of this writing Mrs. McGough devised a part of her property to the appellant and the remainder to her husband.
Mr. McGough answered the petition and denied that the instrument offered for probate was the true last will of Mrs. Mc-Gough and alleged that on the date it was alleged to have been executed Mrs. Mc-Gough was mentally incompetent and could not realize the import of her act and that the purported last will was the product of undue influence on the part of Mrs. Mat-tox. It was denied that a temporary administrator should be appointed or that an issue devisavit vel non should be made up. Appellee attempted to make his answer a cross bill wherein he alleged that Mrs. Mattox had possession of certain personal property belonging to the estate of Mrs. McGough and sought an order of the court to require her to turn this property over to him as executor. Appellant made a motion to strike the cross bill because it was not germane to the issue raised by the petition.
By agreement of the parties an order was entered appointing Mrs. Ruth May, county administratrix, as temporary administra-trix, c. t. a., and she was authorized to exercise authority over all the assets of the estate except the dwelling house and the household items therein. This order did not by its terms remove Mr. McGough as executor.
A trial was had before the chancellor without a jury and the primary issue involved was the issue of whether Mrs. Mc-Gough was mentally competent to execute a will on March 21, 1967. The chancellor determined from conflicting evidence that Mrs. McGough was not of sound and disposing mind and memory on March 21, 1967, and that the will offered by Mrs. Mattox was null and void. The chancellor also held that the issue raised by the cross bill was not germane or material to the contest of the will. A decree was entered dismissing the petition to probate the will of March 21, 1967, and declaring the will of June 2, 1966, to be the true last will and testament of Mrs. McGough. The decree also dismissed the cross bill. From the decree dismissing her petition Mrs. Mattox appealed and Mr. McGough has cross appealed from the decree dismissing his cross bill.
ON DIRECT APPEAL
Appellant urges that the chancellor was manifestly wrong in finding that Mrs. McGough was not of sound and disposing mind and memory at the time she executed the will on March 21, 1967. It is contended that the chancellor in his opinion held that if the decedent was mentally incompetent for some time prior to the execution of the will and for some time after its execution, it could be legally assumed that she was legally incompetent at the time she executed the will. We have carefully read and studied the opinion of the chancellor and as we construe his opinion, it was clear that he was of the opinion that the issue for him to decide from the evidence was whether the deceased was of sound and disposing mind and memory on March 21, 1967. The chancellor did say that if the proof showed that Mrs. Mc-Gough was mentally incompetent for some time before the will was executed and remained incompetent for some time after the will was executed, it could be legally assumed that she was legally incompetent to execute a will, but when this statement is read with the two preceding paragraphs we think it is clear that the chancellor recognized that the mental capacity was to be determined as of the date the will was executed. The proof in this case shows that on March 10, 1967, Mrs. McGough underwent brain surgery for the removal of a malignant tumor from the right parietal lobe of the brain. The testimony of the contestants was to the effect that from the time of the operation until sometime *676 after March 21, 1967, Mrs. McGough was wholly incompetent. While the evidence on behalf of the proponent was to the effect that she was completely normal on the day she executed the will. In this connection it should be pointed out that one of the witnesses to the will, Mrs. Ida A. Robinson, a nurse who waited on Mrs. McGough from two days after the operation until after the will was executed, stated that she did not believe that the decedent was totally aware of what she was doing at the time she executed the will. When asked why she signed as a witness, she stated that she signed a paper to placate Mrs. McGough. Appellant urges that the chancellor should have viewed the testimony of this witness as insufficient because she was a subscribing witness. However, this witness was called into the room by Mrs. Mattox who told her that Mrs. McGough wanted her to do her a favor. Mrs. Robinson said that she was asked by Mrs. McGough to sign a paper, but she was not told that it was a will that she was witnessing. Under these circumstances the chancellor was not required to look upon the testimony of this witness any differently than he would from any other witness. In any event the question of the weight of the evidence and the credibility of the vyitness was for the chancellor to determine.
Appellant also urges that the trial court was in error in overruling the objection to the testimony of Dr. Tutor because it was privileged under Misissippi Code 1942 Annotated, section 1697 (1956), which was in effect at the time of this trial. Dr. Tutor operated on Mrs. Mc-Gough and removed the tumor from her brain. He saw her almost daily from the time of the operation until after the date the will was executed. He testified that in his opinion Mrs. McGough was not at any time from the date of the operation until after March 21, 1967 competent to execute a will. There is no doubt that the privilege applied to this witness unless it could be waived by Mr. McGough. Appellant urges that only Mrs. May, the temporary administratrix, could waive the privilege because she was the personal representative. Section 1697 as then written states:
All communications made to a physician or surgeon by a patient under his charge or by one seeking professional advice are hereby declared to be privileged, and such physician or surgeon shall not be required to disclose the same in any legal proceeding except at the instance of the patient or in case of the death of the patient by his personal representative or legal heirs in case there be no personal representative.
There is no doubt that either the temporary administratrix or the executor of the will or both were the personal representatives of Mrs. McGough. The order appointing Mrs. May as temporary administratrix did not give her complete charge of the assets of the estate, but left a part of the assets in the hands of the executor. The order did not remove the executor and under these circumstances, we are of the opinion that either the temporary administratrix or the executor could waive the privilege. Mr. McGough as executor waived the privilege by offering Dr. Tutor as a witness. It is of interest to note that since the date of the trial of this case the legislature amended Section 1697, supra, and now either the proponent or the contestant of a will may waive the privilege. We think the chancellor was correct in overruling the objection to the testimony of Dr. Tutor.
A careful consideration of the evidence as reflected by the record convinces us that there is ample evidence to support the finding of the chancellor that Mrs. Mc-Gough was mentally incompetent to execute a will on March 21, 1967. For this reason this case should be affirmed on direct appeal.
ON CROSS APPEAL
The only assignment of error on cross appeal is that the chancellor was in error *677 in dismissing the cross bill because it was not germane to the issues presented by the petition to set aside the will of June 2, 1966, and admit to probate the will of March 21, 1967.
Appellant concedes that there is a long line of decisions of this Court which hold that a cross bill introducing new matter neither necessary or germane to the defense is demurrable and that new and distinct matters not embraced in the original bill cannot be made the foundation for relief in a cross bill. Cross-appellant does not contend that the cross bill was germane to the petition to revoke the will of June 2, 1966, and admit to probate the will of March 21, 1967. However, he does contend that the cross bill should have been permitted to stand because three great principles of equity would be served. They are (1) that a multiplicity of suits shall be avoided and prevented when possible, (2) that equity will administer complete justice and not in part, and (3) the interest of the public is promoted by putting controversies to rest. Certainly these principles are desirable, but so are long-established salutory rules of pleading. The procedure relative to admitting wills to probate is governed by statute as is the contest of wills. The issue to be tried in a will contest is will or no will. This issue should not be clouded by extraneous issues brought in which have nothing to do with the defense in a contest of a will. The chancellor was manifestly correct in holding that a proceeding not germane to the will contest should not be injected into the case by a cross bill. We hold that the cross bill was not germane to the petition and that the action of the chancellor in dismissing it should be affirmed.
For the reasons stated, this case is affirmed on direct and cross appeals.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and BRADY, JJ., concur.